FILED
U.S. DIST. COURT
SAVANNAH DIV.

2007 AUG 13 P 5: 16

CLERK
SO. DIST OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR605-035 |
| | ) | |
| JEFFERY L. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a motion to compel his attorney, D. Duston Tapley, to notify him whether Tapley filed a direct appeal[1] of his conviction (as defendant allegedly requested) and to surrender the complete case file to defendant so that he might begin preparing a § 2255 motion. Doc. 40. According to defendant, Tapley has failed to respond to defendant's certified letters seeking information regarding the status of the appeal and demanding the case file. Id.

The government has responded to defendant's motion by noting that since the relief he seeks is properly sought under 28 U.S.C. § 2255, defendant's motion should be recharacterized as a § 2255 motion and he

---

[1] The Court's docket reflects that no appeal was filed in this case.

should be given the appropriate warnings required by <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003).

Defendant's motion is properly brought as a § 2255 motion because defendant is seeking an out-of-time appeal based on a claim of ineffective assistance of counsel. See <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000); <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996).

Pursuant to the Supreme Court's instructions in <u>Castro</u>, 540 U.S. at 383, defendant is hereby notified that his motion will be re-characterized as § 2255 motion asserting that his attorney failed to file a direct appeal as requested by defendant. If his motion is granted on that ground, then defendant will be entitled to a direct appeal of his conviction. If it is determined that defendant no longer has a right to a direct appeal, then this Court may proceed to review all other claims that defendant chooses to raise in his § 2255 motion. Defendant is cautioned that he must include all available grounds for § 2255 relief in his initial § 2255 motion, for he will lose his ability to file any successive § 2255

motion on this same matter without first seeking permission to do so from the Eleventh Circuit.[2]

The Court therefore advises defendant that he may: (1) have his motion ruled upon as filed (which presently alleges only that his attorney neglected to file an appeal); (2) amend his motion to include any other claims related to his guilty plea and resulting term of imprisonment; or (3) withdraw his motion entirely. The Court reminds defendant that if he chooses to withdraw his motion at this time, any subsequent § 2255 motion must be filed within the one-year statute of limitations set forth in 28 U.S.C. § 2255. Defendant is further advised that he is not entitled to a copy of his entire case file before preparing a § 2255 motion and his failure to file a § 2255 motion within the one-year deadline will not be excused because his attorney neglected or refused to provide that file as requested.

---

[2]The bar against second or successive motions would not apply if this Court determines that defendant is entitled to an out-of-time appeal because in that situation, defendant's § 2255 motion would be granted and that order would "'reset[] to zero the counter of collateral attacks pursued.'" McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002). However, the Court believes it is advisable for defendant to set forth *all* potential challenges to his sentence in the event that his quest for an out-of-time appeal is unsuccessful, as defendant may have other viable claims. Otherwise, under those circumstances, any second or successive motion would be barred without prior authorization from the Eleventh Circuit.

Defendant is granted thirty days from the date of this order to supplement his motion, if he so desires, or to notify the Court that he wishes to withdraw his motion. If defendant does not supplement the instant motion or provide notification of his intent to withdraw the motion at the end of thirty days, the Court will proceed to rule on the motion as filed pursuant to § 2255, on the single issue of whether defendant is entitled to an out-of-time appeal. The Clerk is DIRECTED to open a new civil matter and file a copy the instant motion in the civil file.

**SO ORDERED** this 13Th day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA