FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 OCT 24 PM 2: 20
CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JEFFREY L. LEWIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV607-052 |
| | ) | [Underlying CR605-35] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. Doc. 7.[1] The government does not oppose the motion. Doc. 12. For the following reasons, it is recommended that the motion be **GRANTED** so that movant may pursue an out-of-time appeal.

Movant was convicted of distributing fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Doc. 7. Represented by appointed counsel Duston Tapley, movant entered a guilty plea. Id. On

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV607-052. "Cr. Doc." refers to documents filed under movant's criminal case.

August 31, 2006, movant was sentenced to 180 months' imprisonment, five years' supervised release, and a special assessment of $100.00. Cr. Doc. 38.

Tapley represented movant at sentencing. Doc. 12. The sentencing judge informed movant of his right to appeal and stated that either his lawyer or the court clerk would file a notice of appeal on his behalf upon his request. See id. at 3-4. Counsel, answering for movant, asked the sentencing judge to have the clerk file a notice of appeal. Id. at 3. Though the sentencing judge then ordered the clerk to file the notice of appeal,[2] it was never filed. Id. Movant subsequently filed this § 2255 motion arguing that he should be permitted to appeal his conviction. Doc. 7. The government concedes that plaintiff "is entitled" to a direct appeal. Doc. 12 at 3.

Because movant timely invoked his right to appeal and reasonably relied on the Court's assurance that the clerk would file the notice of appeal on his behalf, movant should be allowed to pursue an out-of-time direct appeal. The Eleventh Circuit set forth the procedure courts are to

---

[2] On the "sentencing minutes" sheet, the clerk noted "clerk to file notice of appeal." Cr. Doc. 38.

follow when granting out-of-time appeals in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Phillips court held that (1) the judgment in movant's criminal case must be vacated; (2) the court must enter a new judgment imposing the same sentence; (3) movant must be informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant must be advised that he has ten days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. Id. In the instant case, however, the Court will have the Clerk prepare plaintiff's notice of appeal, so the fourth requirement is dispensable.

Accordingly, it is recommended that movant's § 2255 motion be **GRANTED**. It is further recommended that judgment in movant's criminal case be vacated, that a new judgment be entered imposing the same sentence, and that movant be informed of all of his rights associated with filing an appeal of his reimposed sentence. The Court should **DIRECT** the Clerk to prepare and file a notice of appeal for Mr. Lewis

immediately following the reimposition of his sentence.[3]

Movant must be afforded counsel to represent him during his direct appeal. Accordingly, the Court directs that attorney Duston Tapley be released from representing movant in his criminal case and that the Clerk make necessary preparations to appoint new counsel for movant to represent him upon the reimposition of his sentence and during the direct appeal in his criminal case.

**SO REPORTED AND RECOMMENDED** this 24TH day of October 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The other claims raised in movant's § 2255 motion should be **DISMISSED** without prejudice while movant pursues a direct appeal. McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002).